07-3219-cv
Barclay v. Michalsky

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand ten.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEBORAH BARCLAY,

*Plaintiff-Appellant,*

-v.-                                                    No. 07-3219-cv

KIM MICHALSKY and PAULA HUGHES,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**          NORMAN A. PATTIS, Bethany, CT

**COUNSEL FOR APPELLEE:**           NANCY A. BROUILLET, Assistant Attorney General, Office of the Attorney General of the State of Connecticut (Richard Blumenthal, Attorney General), Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

1

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff Deborah Barclay appeals from a judgment of the District Court, entered on June 27, 2007, granting summary judgment for defendants, who are two supervising nurses at the hospital where plaintiff was formerly employed as a nurse. Plaintiff had claimed, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, that defendants retaliated against her in violation of the First Amendment after plaintiff complained to her supervisors that her co-workers were mistreating patients and sleeping on the job. In June 2007, the District Court granted defendants' second motion for summary judgment because (1) a responsibility shared by all hospital employees constituted an "official dut[y]" for plaintiff, *Barclay v. Michalsky*, 493 F. Supp. 2d 269, 277 (D. Conn. 2007) ("*Barclay II*"), and (2) plaintiff had conceded at her deposition that reporting these types of misconduct was her "duty," *id.* at 275. We assume the parties' familiarity with the remainder of the facts and procedural history in this case.

"We review the District Court's grant of summary judgment *de novo*." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In *Garcetti v. Ceballos*, the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 547 U.S. 410, 421 (2006); *accord Weintraub v. Bd. of Educ.*, 593 F.3d 196 (2d Cir. 2010). Where the scope of an employee's duties was contested, the Supreme Court advised that a "practical" approach should apply in determining the scope of a government employee's duties. *Garcetti*, 547 U.S. at 424-25.

In *Garcetti*, plaintiff stipulated to an official duty in a brief, *see id.* at 421, and in this case plaintiff herself conceded at her deposition that it was her responsibility to report patient abuse and nurses sleeping on the job. In plaintiff's own words, "I did my duty. I did my job. . . . And I wasn't a whistleblower. I did my job." Dep. of Deborah Barclay, Feb. 1, 2007, 323. Despite plaintiff's attempt to distance herself from this admission, her statement is amply supported by uncontested record evidence that Work Rule #22, which expressly prohibits "[p]hysical violence, verbal abuse, inappropriate or indecent conduct and behavior that endangers the safety and welfare of persons or property," *Barclay v. Michalsky*, 451 F. Supp. 2d 386, 390 (D. Ct. 2006) ("*Barclay I*"), forbids the "use of excessive restraints on patients and employees sleeping on the job," *Barclay II*, 493 F. Supp. 2d at 273. There is also undisputed evidence that "all [hospital] employees have a duty pursuant to Work Rule # 30 to report violations of existing work rules, policies, procedures, or regulations." *Id.* In light of plaintiff's concessions and the record evidence that supports them, we agree with the District Court that *Garcetti* requires summary judgment in favor of defendants.

2

Plaintiff argues that duties that are "generally applicable to all [hospital] employees," such as the Work Rules in this case, are not duties of any particular employee. Apellant's Br. 20. However, this argument is directly contradicted by plaintiff's own testimony that filing a complaint was "*my* job" and "*my* duty." Dep. of Deborah Barclay, Feb. 1, 2007, at 323 (emphases added); *see also Barclay II*, 493 F. Supp. 2d at 275. In addition, plaintiff concedes that she personally received instructions from "[defendant] Hughes, among others, . . . to report the violations verbally to her supervisors." *Id.* at 275. Although plaintiff also argues that the "supervisory culture" at plaintiff's workplace "actively discouraged reporting coworker misconduct," this allegation—supported solely by plaintiff's own filings—lacks sufficient evidence to present a genuine issue of material fact. Appellant's Br. at 20. Indeed, even if plaintiff were discouraged from filing a complaint, that fact is irrelevant in light of plaintiff's own testimony that she filed a complaint because it was her "job" and her "duty" to do so.

## CONCLUSION

In light of the foregoing, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

3